IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| APRIL D. RUMMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-03267-CV-S-DW |
| ) | |
| KENT ESRY and ) | |
| KENT & CONNIE ESRY, ) | |
| d/b/a ESRY LIVESTOCK ) | |
| AUCTION, ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is Defendants' Second Motion for Summary Judgment. (Doc. 39). For the following reasons, Defendants' Motion is GRANTED.

I.  Factual Background

Plaintiff April Rummel charges unlawful employment discrimination on the basis of sex and sexual harassment pursuant to the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e et seq. Plaintiff was employed by Esry Livestock Auction from approximately the spring of 1999 to September 18, 2002. (Ds' Stmt. of Undisputed Material Facts, ¶ 3.) At this time, defendants Kent Esry and Connie Esry owned and oeprated Esry Livestock Auction. (Ds' Stmt. of Facts, ¶ 4.) Plaintiff alleges that beginning in the summer of 2002, Defendant Kent Esry began to engage in inappropriate sexual behavior, due to which, she resigned effective September 18, 2002. (Ds' Stmt. of Facts, ¶¶ 7-8.)

Defendants first motioned for summary judgment on October 18, 2004 on the grounds that Defendants were not "employers" as defined by Title VII and therefore not subject to Title

1

II liability. This Court denied the motion without prejudice in order to allow for discovery on the matter. (Doc. 15.) Defendants now renew their Motion for Summary Judgment on the grounds that this Court lacks subject matter jurisdiction over Defendants.

II.     Standard of Review

A motion for summary judgment will be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden to establish the non-existence of any genuine issue of material fact is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 173 (8th Cir. 1988). Once established, the burden then shifts to the non-moving party who must set forth specific evidence showing that there is a genuine dispute as to a material issue. Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In so doing, the non-moving party may not may not rest on the pleadings alone. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In a Title VII case, the Plaintiff must establish, as a jurisdictional prerequisite, that the defendant is an "employer" as defined by the statute. Cameron v. Mid-Continent Livestock Supplements, Inc., 211 F. Supp. 2d 1120, 1126 (E.D. Mo. 2002) (citations omitted). To do so, the parties may rely on affidavits made on personal knowledge setting forth such facts as would be admissible in evidence. Fed. R. Civ. P. 56(e).

III.    Esry Livestock Auction

The Court must presently determine whether the Esry Livestock Auction is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and therefore subject to Title VII liability. Cameron v. Mid-Continent Livestock Supplements, Inc., 211 F. Supp. 2d 1120 (E.D. Mo. 2002). A business may be held liable under Title VII if the employer has fifteen or more

2

employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b); Walters v. Metropolitan Educational Enter., Inc., 519 U.S. 202, 205, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). As stated above, Ms. Rummel carries the burden of showing that Defendants employed fifteen or more employees for twenty or more calender weeks during 2002 and 2002.[1] Cameron, 211 F. Supp. 2d at 1127.

Plaintiff alleges that the Esry Livestock Auction employed the following twenty-two individuals during 2001 and 2002: (1) Brian Collins; (2) Pat Cox; (3) Shugg Simmons; (4) Yvonne Shearer[2]; (5) Freddie Lovewell; (6) Ray Molt[3]; (7) Barbara Pentecost; (8) Joanne Sumner; (9) Debbie Potter[4]; (10) Joel Green; (11) DeAnn Urton; (12) Jeremy Capps; (13) Stanley Barnes; (14) Lorene Fisher; (15) John Esry; (16) Alford Rummel; (17) Dale Snead; (18) George Bruce; (19) Brian Brown; (20) Chris Cocker; (21) Chris Gains; and (22) April Rummel.

During 2001 and 2002, Brian Collins was employed by the state of Missouri as a veterinarian, not by the Esry Livestock Auction. (Supp. Aff. of Connie Esry, ¶ 14.) Nor was Pat Cox an Esry Livestock Auction employee during 2001 or 2002. (Supp. Aff. of Connie Esry, ¶ 15). Shugg Simmons, Yvonne Shearer, Freddie Lovewell, and Ray Molt were not employed by the Esry Livestock Auction. (Aff. of Shugg Simmons, ¶¶ 5-6; Aff. of Yvonne Shearer, ¶¶ 5-6; Aff. of Freddie Lovewell, ¶¶ 4-5; Aff. of Ray Molt, ¶¶ 4-5.) Shugg Simmons, Connie Esry's

---

[1] The "current" year is the calendar year in which the alleged acts occurred and the "preceding" year is the calendar year immediately preceding the year in which the alleged acts occurred, in this case 2001 and 2002. Walters, 519 U.S. at 205.

[2] Plaintiff lists "Connie Esry's Aunt Bonnie" as an employee. Connie Esry does not have an Aunt Bonnie, but does have an aunt by the name Yvonne Shearer. Presumably, Plaintiff is referring to Ms. Esry's Aunt Yvonne.

[3] Plaintiff's list of employees lists "Freddie Lovewell's friend, Ray LNU" (last name unknown). Defendants establish that Plaintiff is referring to Ray Molt.

[4] Plaintiff list of employees lists "Debbie LNU" (last name unknown). Defendants establish that "Debbie LNU" refers to Debbie Potter.

3

mother, and Yvonne Shearer, Connie Esry's aunt, attended the Esry Livestock Auction to socialize with friends and family. Both ran errands on occasion for Connie or Kent Esry, but were never paid for any work performed for the Esry Livestock Auction. (Aff. of Shugg Simmons, ¶¶ 4-6; Aff. of Yvonne Shearer, ¶¶ 4-6). Similarly, both Freddie Lovewell and Ray Molt frequently attended the Esry Livestock Auction as a social event, but were not employees of the Esry Livestock Auction were never paid as such. (Aff. of Freddie Lovewell, ¶¶ 4-6; Aff. of Ray Molt, ¶¶ 4-6.)

Defendants have provided a separate list of Esry Livestock Auction employees for each week during 2001 and 2002. (Doc. 39, Exs. A and B). According to these lists, during no single week did Defendants employ fifteen employees.[5]

For purposes of this motion, Defendants concede that three of the remaining sixteen individuals named by Plaintiff – Joanne Sumner, Barbara Pentecost, and Debbie Potter – could be considered Esry Livestock Auction employees. Joanne Sumner worked in the Esry Livestock Auction part-time on and off for three or four years, during which time she was paid in cash. Barbara Pentecost worked in the office part-time and Debbie Potter was occasionally paid in cash for errands performed for Connie Esry.

Assuming *arguendo*, that Joanne Sumner, Barbara Pentecost, and Debbie Potter worked every week in both 2001 and 2002, Plaintiff is still unable to show that the Esry Livestock Auction is an "employer" as defined by Title VII. Including Joanne Sumner, Barbara Pentecost, and Debbie Potter in the employee tally, Defendants had, at most, only thirteen employees for

---

[5]According to Exhibit A, during 2001, Defendants employed five employees for five weeks, six employees for fourteen weeks, seven employees for sixteen weeks, eight employees for seven weeks, nine employees for six weeks and ten employees for only two weeks out of the year. According to Exhibit B, during 2002, Defendants employed five employees for one week, six employees for eleven weeks, seven employees for twenty-six weeks, eight employees for nine weeks, nine employees for three weeks, ten employees for one week, and eleven employees for one week. (See Exs. A and B.)

4

two weeks in 2001 (Week twenty-one and Week forty-two) and fourteen employees for one week in 2002 (Week eleven). Thus, while Plaintiff has shown that Esry Livestock Auction employed more than fifteen separate individuals over the course of 2001 and 2002, she has failed to show that there were more than fifteen employees working *in each of twenty or more calendar weeks*, as required by 42 U.S.C. § 2000e(b).

Plaintiff argues that there were people who worked at Esry Livestock Action during the relevant time period that are not indicated by Defendants. In support, Plaintiff relies solely on her own affidavit and that of her husband, Alford Rummel. (Aff. of April Rummel, ¶¶ 7-8; Aff. of Alford Rummel, ¶¶ 7-8.) These affidavits, however, do not set forth information on who was employed by Esry Livestock Auction, when they were employed, what duties were performed, or how such information is within Plaintiff's and her husband's personal knowledge. An affidavit that is not properly based on personal knowledge does not properly oppose a summary judgment motion and the Court will not consider these two affidavits. Fed. R. Civ. P. 56(e); Cameron, 211 F. Supp. 2d at 1126.

Once again, the burden of establishing subject matter jurisdiction rests with the Plaintiff. Cameron, 211 F. Supp. 2d at 1127. She may not simply speculate as to the accuracy of Defendants' list of employees, but must produce specific evidence showing that Defendants employed fifteen or more employees for *twenty or more calendar weeks* during 2001 and/or 2002. Id. Plaintiff has failed to produce any such evidence. As such, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Esry Livestock Auction.

IV.     Kent Esry

Plaintiff has named both Kent Esry and Esry Livestock Auction as defendants in this action. Plaintiff's Complaint does not clearly articulate whether Mr. Esry is sued in his capacity as an employer or in his individual capacity. In either case, Plaintiff's complaint against Mr.

Esry fails. For the reasons discussed above, Mr. Esry cannot be held liable as an employer under Title VII because he fails to meet the Title VII employer standard. Second, Mr. Esry can not be held liable as an individual for sex discrimination and/or harassment under Title VII. <u>Lenhardt v. Basic Inst. of Tech., Inc.</u>, 55 F.3d 377, 381 (8th Cir. 1995) ("an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII"). Plaintiff has not challenged Defendants' Motion for Summary Judgment in favor of Kent Esry. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim over Kent Esry.

V.  <u>Conclusion</u>

While Defendants' Motion is couched as one for Summary Judgment, the Court finds that it lacks subject matter jurisdiction over the Defendants and accordingly dismisses this case pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED

      /s/ Dean Whipple 
Dean Whipple
United States District Judge

DATE: February 6, 2006